

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles R. Martin
County Auditor
Harrison County
Marshall, Texas

Dear Sir:

Re: Opinion No. 0-5531
Can the commissioners'
court co-operate with
land owners and tax-
payers in the construc-
tion of a lake, or pond
to serve as a protec-
tion of lands against
continuing injury by
soil erosion?

Your recent request for an opinion of this de-
partment on the above stated question has been received.

Sections 3 and 4 of Article 2372c, Vernon's
Annotated Civil Statutes read as follows:

"Sec. 3. The Counties of the State are
hereby declared to have the authority to em-
ploy, or permit to be employed, any road con-
struction or other machinery or road equip-
ment in the service of soil conservation and
prevention of soil waste through erosion,
whenever in the judgment of the County Com-
missioners' Court, entered upon the Minutes
of the Court such machinery or equipment is
not demanded for the service of building and
the upkeep of the roads of the County; and
shall provide for compensation to the County
Road Fund, or the road funds of any defined
district or authorized subdivision in the
County, for such employment of road equipment.

"Sec. 4. In the public service of con-
serving the soil fertility of the lands of the
County, the Commissioners' Courts shall have
the authority to co-operate with the land own-
ers and taxpayers of the County in all judi-
cious efforts for the preservation of the pro-
ductiveness of the soil from avoidable waste,
and loss of productiveness of agricultural
crops necessary to the public welfare, through
permission to use the machinery and equipment
that may be made available by the County for
such purposes under written contract, and the
County shall receive from such landowners and
taxpayers compensation, upon such uniform ba-
sis as may be deemed equitable, and proper,
for the co-operation extended and services
rendered, all such compensation or funds to
the County to be paid into the Road and Bridge
Fund of the County; and the County Commission-
ers' Court may provide for payments from land-
owners and taxpayers of the County at such
stated intervals and in such amounts, as and
when the County taxes are collected, as may be
equitable, for the use of the equipment for
the protection of lands against continuing im-
measurable injury through soil erosion; pro-
vided that the Commissioners' Court or repre-
sentative thereof shall not go upon the land
of any owner to improve, terrace, protect, or
ditch such land until requested to do so in
writing by such owner; and provided further,
that the Commissioners' Court or representa-
tive thereof shall not be required to do such
improving, terracing, protecting, and ditch-
ing unless such Court shall determine that
such work is of some public benefit and said
Court elects to do the work. Acts 1931, 42nd
Leg., p. 81, ch. 53."

From reading the above quoted statute it would seem that
the commissioners' court is authorized to employ, and per-
mit to be employed, any road construction or other machin-
ery or road equipment, in the service of soil conservation

Honorable Charles R. Martin, Page 3

and prevention of soil waste through erosion, whenever in the judgment of the county commissioners' court, such machinery or equipment is not demanded for the service of building and upkeep of county roads.

The statute also provides that compensation must be received from the land owners and taxpayers under written contract, upon an equitable uniform basis, for the co-operation extended and services rendered, such compensation to be paid into the Road & Bridge Fund of the county, and setting up a system for payments from such land owners and taxpayers.

Under the above statute the commissioners' court or representative thereof is not required to do the work of preventing soil erosion, unless said court elects to do so.

If under the circumstances presented to the commissioners' court, the court should find that building of a lake or pond, by use of the road equipment of the county, would prevent soil erosion of agricultural and other lands; and the finding should further be made, that no demand of such equipment for the service of building and the upkeep of county roads was in evidence; and such findings were entered upon the minutes of the court, it is our opinion that a contract for the use of the machinery for the construction of a lake which protects such lands against erosion of soil would be proper. Of course, the provisions of Sections 3 and 4 of Article 2372c, supra, as to compensation, contracts in writing, etc., should be fully met.

In connection with this opinion, it would seem that the very meaning of soil erosion indicates the wearing away of the land by the action of water. It is not at all inconceivable that geophysical conditions could exist where the construction of a lake or pond could result in preventing soil erosion. If this condition exists, and the finding of fact to that effect is made by the commissioners' court, it is our opinion that such a situation comes within the broad terms of the statute.

Honorable Charles R. Martin, Page 4

The fact that livestock or inhabitants, incidentally, might use the water so impounded, would not, in our opinion, alter such a situation, provided that the purpose of the original construction and maintenance of such pond or lake serves as a protection of lands against soil erosion.

Trusting that the foregoing answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Eugene N. Catlett
Assistant

APPROVED AUG 23, 1943

ATTORNEY GENERAL OF TEXAS

ENC:ff

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

APPROVED AUG 23, 1943

ATTORNEY GENERAL OF TEXAS